IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH GEDDINGS,

    Plaintiff,

v.                                                       Case No. 1:24-cv-00184-LF-KK

COSTCO WHOLESALE CORP.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

This matter comes before the Court on Defendant Costco Wholesale Corporation's ("Costco") Motion for Summary Judgment, filed October 17, 2024. Doc. 26. Costco seeks summary judgment based on four arguments: 1) that the Court lacks jurisdiction over the claim because the complaint was filed untimely, 2) that the complaint is time-barred because Mr. Geddings failed to file a timely charge of discrimination with the New Mexico Human Rights Commission, 3) that Mr. Geddings' constructive discharge allegation is barred by judicial estoppel from a prior worker's compensation proceeding, and 4) the claims are substantively unsupported. *Id.* at 6.[1] Having reviewed the parties' submissions and the applicable law, the Court finds that it lacks jurisdiction over Mr. Geddings' claims because the complaint was not timely filed. It therefore dismisses the case without prejudice.

---

[1] The Court cites to the CM/ECF page numbers in the upper righthand corner of Document 26 rather than to the document's internal pagination.

## BACKGROUND

Mr. Geddings worked for Costco from April 27, 2017, until he resigned on July 12, 2022. Undisputed Material Fact ("UMF")[2] No. 1. His resignation took place in the context of a worker's compensation dispute. On September 19, 2021, while on the job, Mr. Geddings suffered a punch to the face from an Instacart shopper. UMF No. 7. He took medical leave and pursued a worker's compensation claim. UMF Nos. 8, 9. He settled this claim for $22,500, and as part of the settlement, he agreed to voluntarily resign from Costco. UMF No. 14; Doc. 26-7 at 6, 9 ("Worker agrees to voluntarily resign his employment with Employer . . . ."). The order approving the settlement agreement was filed on July 12, 2022. Doc. 26-7 at 1.

Subsequently, Mr. Geddings filed a charge of discrimination with the New Mexico Human Rights Commission ("NMHRC") on April 12, 2023, based on his time at Costco. UMF No. 3; Doc. 26-3 at 1. He alleges that while employed at Costco, he experienced discriminatory treatment based on his sex and sexual orientation (as a gay man with elements of feminine presentation including his clothing, cosmetics, and hair length) and that he experienced a hostile work environment. UMF No. 3; Doc. 26-1 at 1, 13; Doc. 26-3 at 6. His order of non-determination and right to sue was dated July 6, 2023. UMF No. 4; Doc. 26-4 at 2.

## ANALYSIS

Costco raises a challenge to the Court's subject matter jurisdiction. Doc. 26 at 14–16. It argues that Mr. Geddings' notice of appeal from his NMHRC Order of Non-Determination was untimely. *Id.* at 15. The Court must begin with any jurisdictional questions before reaching the

---

[2] The statement of material facts can be found at Doc. 26, pages seven through fourteen. Mr. Geddings has admitted the facts numbered 1 through 34, Doc. 28 at 1–2. The Court therefore refers to the facts numbered 1 through 34 as "undisputed material facts."

merits of a case. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

A claimant has "ninety (90) days from the date of service of [the] Order of Non-Determination to file [a] notice of appeal[.]" Doc. 26-4 at 2; *see also* N.M. Stat. Ann. § 28-1-13(A) (a "person aggrieved by an order of the [human rights] commission" must file a notice of appeal "within ninety days from the date of service of the commission's order"). The NMHRC mailed its order of non-determination on July 6, 2023. UMF No. 4; Doc. 26-4 at 2. Consequently, Mr. Geddings had until October 4, 2023, to file his notice of appeal. Mr. Geddings, however, filed the present action in New Mexico state court on October 6, 2023. Doc. 1-2 at 1. In other words, Mr. Geddings' notice of appeal was two days late.

The parties agree that New Mexico law defines the "date of service" as the date the order was mailed. Doc. 26 at 15; Doc. 28 at 3; *see also* Rule 1-005(b) NMRA ("Service by mail is complete upon mailing."). Mr. Geddings argues, however, that New Mexico law does not apply. Doc. 28 at 3. He claims that the *Erie* doctrine[3] requires that federal courts sitting in diversity apply federal procedural law, and that here, Federal Rule of Civil Procedure 6(d)[4] applies, which grants an additional three days after service by mail. *Id.* at 5.

The Tenth Circuit, in an unpublished opinion, construed the "date of service" limitation in the New Mexico Human Rights Act ("NMHRA") to refer to the date of mailing, which resulted in dismissal of the plaintiff's NMHRA claims because they were filed more than 90 days after

---

[3] "In diversity cases, the *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017).

[4] Mr. Geddings stylizes this rule as Fed. R. Civ. P. 1-006(D), *see, e.g.*, Doc. 28 at 3, but substantively, his argument addresses Rule 6(d).

3

the date of service. *See Herrera v. Las Cruces Public Schools*, 695 F. App'x 361, 371 (10th Cir. 2017). Several other judges in this district have followed *Herrera's* reasoning. *See Baca v. Off. of Superintendent of Ins.*, No. 1:22-cv-00780 KWR-JHR, 2023 WL 4078793 (D.N.M. June 20, 2023); *Hartigan v. Cnty. of Guadalupe*, No. 2:17-cv-00537 RB-GJF, 2017 WL 4773268, at *3 (D.N.M. Oct. 20, 2017); *Tilden v. Smith's*, No. 1:23-cv-01154 MV-JFR, 2024 WL 3161897, at *3 (D.N.M. June 25, 2024). However, the preceding cases did not address the specific question of whether the *Erie* doctrine applies to extend the "date of service" three days beyond the date of mailing pursuant to Rule 6(d) in the context of a NMHRA Order of Non-Determination deadline to file suit. They addressed only the definition of "date of service" under state law, not whether federal procedural law might alter that definition. The Court therefore considers a question that these cases did not have cause to examine.

Novel as it may be, Mr. Geddings' argument cannot prevail.[5] The Federal Rules of Civil Procedure apply to removed cases *after removal*, not before. FED. R. CIV. P. 81(c); *Griffen v. City of Okla. City*, 3 F.3d 336, 339 (10th Cir. 1993) ("By obvious implication, the rules . . . do not apply to the filing of pleadings or motions prior to removal." (citation omitted)). The analysis, therefore, is quick work.

When faced with claims of a conflict between state and federal law in a diversity case, the court first determines "whether the scope of the federal rule is sufficiently broad to control the issue before the court, thereby leaving no room for the operation of seemingly conflicting state law." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017)

---

[5] Whether an NMHRA complaint is filed timely is a jurisdictional issue. *Herrera*, 695 F. App'x at 366–67. The Court has an independent obligation to ensure that jurisdiction is proper. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Therefore, even though Costco did not raise the following arguments, the Court discusses them *sua sponte* because they defeat jurisdiction in federal court.

(internal quotation marks omitted). In the event of a conflict, the court determines whether the federal rule is valid, and if it is, the court will follow it. *Id.* at 1163. If there is no conflict, the court does not consider whether the federal rule is valid, and "the analysis must proceed under *Erie*." *Id.* Here, no conflict exists because Rule 6(b) is inapplicable to this question, so the analysis proceeds under *Erie*.

The *Erie* analysis considers whether application of a state law would "significantly affect the result of a litigation," in which case the state law would be substantive. *Id.* at 1164 (citing *Guaranty Tr. Co. v. York*, 326 U.S. 99, 109 (1945)). Fundamentally, federal courts sitting in diversity aim to apply state law "with the goal of obtaining the result that would be reached in state court." *Butt v. Bank of Am., N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007); *see also Bextel v. Bryner*, 836 F. App'x 706, 708 (10th Cir. 2020) (same). The Court's analysis "must be guided by the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428 (1996).

With these strictures in mind, the result is clear: the state deadline for filing an appeal is substantive. It is outcome-determinative in this case; functionally, Mr. Geddings would receive an extension allowing his case to go forward in one court, and he would be time-barred from proceeding in the other. Allowing such a disparity to exist would incentivize forum-shopping, granting a boon of extra time to anyone fortunate enough to be able to claim diversity of citizenship. Such a result also would result in inequitable administration of the laws: extra time for certain plaintiffs to file their cases but not others, depending only on whether they filed in federal or state court. Under *Erie*, the state deadline must apply.

Legal concerns with this approach exist separately from *Erie* issues as well. Federal Rule of Civil Procedure 82 states, "These rules do not extend or limit the jurisdiction of the district

5

courts . . . ." It would contravene this rule for Mr. Geddings' filing to be untimely in state court, where the three-day mailing rule does not apply pursuant to Rule 1-076(D) NMRA, yet suddenly become timely when removed to federal court because of the application of Federal Rule of Civil Procedure 6(d). Applying Rule 6(d) to allow the federal courts to adjudicate a case over which they otherwise would lack jurisdiction plainly constitutes an extension of jurisdiction, which violates Rule 82.

## CONCLUSION

For the above reasons, the Court does not have jurisdiction to hear this case. Because it lacks jurisdiction, it cannot grant a motion for summary judgment, which pertains to the merits of the case. Accordingly, the Court *sua sponte* dismisses this case without prejudice for lack of subject-matter jurisdiction.

It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE